## YEE WO *v.* CHONG LUP YEE.

ERROR TO THE CIRCUIT COURT, FIFTH CIRCUIT.

SUBMITTED JULY 16, 1900.          DECIDED OCTOBER 11, 1900.

FREAR, C.J., GALBRAITH, J., AND CIRCUIT JUDGE STANLEY, IN PLACE OF PERRY, J., ABSENT.

Section 1768, Civ. L., does not authorize a claimant of goods seized by the Sheriff on execution to apply for an order of interpleader.   The Sheriff is the proper applicant.

Such unsuccessful claimant may be required to pay the Sheriff's possession money caused by a stay of proceedings in consequence of such claim.

OPINION OF THE COURT BY FREAR, C.J.

Certain goods and chattels were seized by the Deputy Sheriff of Hanalei, Kauai, under an alias writ of execution issued by the Circuit Court upon a judgment for $300 obtained by Yee Wo against one Chong Lup Yee in an action of assumpsit on an appeal from the District Court, whereupon one Chun Fu, claiming to be owner, and Sun Kwong Sing Company, claiming to be mortgagees of the property seized, notified the Sheriff and Yee Wo and his attorney, of their claims and applied to the Circuit Judge for an order of interpleader under Section 1768 of the Civil Laws. The Judge ordered that Yee Wo show cause why the mortgage should not be paid first out of any moneys arising from the sale on execution, and that all proceedings be stayed until the hearing and decision of that question. Yee Wo demurred, chiefly on the ground that an order of interpleader could be granted only on the application of the officer who had seized the goods and not on the application of adverse claimants. The Judge sustained the demurrer. The first assignment of error is that the Judge erred in this ruling.

Section 1768, Civil Laws, reads:

"When goods or chattels have been seized in execution by the High Sheriff, Sheriff, or other officer under process of any court, and some third person claims to be entitled under a bill of sale, chattel mortgage or otherwise, to such goods and chattels by way of security for a debt, the court or a judge may order a sale of the whole or part thereof, upon such terms as to payment of the whole or part of the secured debt or otherwise as they or he shall think fit; and may direct the application of the proceeds of sale in such manner and upon such terms as to such court or judge may seem just."

Plaintiff in error contends that this section should be read as an independent statute and not construed with reference to the rest of the statute and the usual rules of interpleader. We do not agree with him. The section is a part of the Chapter of the Civil Laws entitled "Interpleader," which is Chapter 33 of the Laws of 1876, "An Act to Amend the Law Relating to Interpleader." The chapter throughout relates to interpleader and

bears out its title. This particular section seems closely connected with the two sections immediately preceding it, which provide that where a claim is made to any goods or chattels taken or intended to be taken in execution the court or any judge thereof may, upon the application of the High Sheriff, Sheriff or other officer, before or after return of execution or before or after an action is brought against the officer, call before them or him the party obtaining process and the adverse claimant and exercise the powers contained elsewhere in the Act relating to interpleader. Section 1768 would seem to be intended merely to provide a course that might be pursued in a proper case of interpleader instituted under the preceding sections. This chapter was taken from the English statutes, our Section 1768 being 23 and 24 Vict. C. 126, s. 13. The practice under the English statutes seems to have been in accordance with the above construction, and we find nothing to indicate that any other view has ever been taken. The usual course would seem to be for claimants to notify the Sheriff, the execution creditor and his attorney, of their claims, and, then to take appropriate action at law, in case the Sheriff should not yield or apply for any order of interpleader. The statute of interpleader was intended to protect a person, such as a Sheriff, who claims no interest, against adverse claimants, not to protect one adverse claimant against another. Adverse claimants are left to their usual appropriate remedies.

It is further assigned as error that the Judge erred in adjudging that the applicants for the order of interpleader pay in addition to the regular statutory costs, amounting to $17, the expenses and costs occasioned by the stay of execution, amounting to $153. This amount was made up of the cost of caring for and guarding the property and advertising postponement of sale and readvertising the sale.

The claimants were not required to give security for expenses, &c., and the expenses in question could not be awarded as costs under the ordinary schedule of statutory costs. But could they not be adjudged under the provisions of the interpleader act? The Court or Judge is authorized by Section 1762 "to make such other rules and orders therein as to costs, and all other matters

as may appear to be just and reasonable," and by Section 1766, which relates to cases of the present kind where the application is made by the officer, "to exercise　＊　＊　＊　all or any of the powers and authorities hereinbefore contained, and make such rules, orders and decisions as shall appear just according to the circumstances of the case; and costs of all such proceedings shall be in the discretion of the Court or Judge." In *Smith v. Darlow*, L. R. 26 Ch. D. 605, it was held that an unsuccessful claimant should pay the sheriff's extra possession money caused by the claim, and that the proper practice was that the charges should be paid in the first instance by the execution creditor to the officer and that the creditor should have them over against the claimant, although the claimant was often ordered to pay them directly to the officer. If the statutory provisions above quoted do not apply because this is not a case in which the application was made by an officer, we may rely on Section 1769 which is general and which authorizes the Court or Judge "to make all such other rules and orders therein as to costs and all other matters as may be just." It is argued that the Judge erred in imposing the entire cost due to the delay in execution upon the claimants, inasmuch as part of the delay were occasioned by the request of the execution creditor for a continuance. The Judge may have acted on general principles after the analogy of the rule as to awarding all costs to the finally successful party or he may have thought that all costs should be so awarded for special reasons in this instance. There is not enough on the record to show that he erred. It, indeed, may be doubted whether his decision is appealable at all in view of Section 1771, as to which see *Smith v. Darlow*, *supra*. We may remark that the expense, $2 a day, of keeping the property in question, which consisted chiefly of bags of paddy, some farming implements and one Chinese bullock, all of which sold for $476.85 seems unnecessarily large. The total costs of execution appear to have been $288.45.

The writ is dismissed.

*J. T. De Bolt* for plaintiff in error.

*J. D. Willard* for defendant in error.